UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:22-cv-80684-Dimitrouleas/McCabe

GENT ROW, LLC

    Plaintiff,

v.

TRUIST FINANCIAL CORPORATION,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE PLAINITFF'S REBUTTAL EXPERT WITNESS REPORT, EXCLUDE TESTIMONY OF REBUTTAL EXPERT, AND FOR SANCTIONS (DE 99)

THIS CAUSE comes before the Court on Defendant's Motion to Strike Plaintiff's Rebuttal Expert Witness Report, Exclude Testimony of Rebuttal Expert, and for Sanctions ("Motion") (DE 99). For the following reasons, the Motion is **DENIED**.

**I.   BACKGROUND**

This Motion involves the last-minute cancellation of the deposition of Plaintiff's expert witness Don Coker (DE 99 at 1; DE 101 at 1). Defendant's counsel accuses Plaintiff's counsel of bad faith and improper conduct/gamesmanship (DE 99 at 5). Plaintiff's counsel says his office acted in good faith (DE 101 at 4), and the situation was a result of confusion and lack of communication because of the Plaintiff's limited staff and resources (*Id.* at 3).

The parties agree on the timeline. In June, this Court ordered the parties to "cooperate with one another to make their respective expert witnesses available for deposition" (DE 73, as modified by DE 85). Expert witness Coker was set for a deposition scheduled for September 13, 2023 at 1:00 p.m. via Zoom (DE 99 at 1-2; DE 101 at 1). At 4:00 p.m. the evening before, Plaintiff's

counsel emailed Defendant's counsel to request a $2,850 payment for Coker's appearance, adding that Coker would not appear without payment (DE 99 at 1; DE 101 at 3). Within two hours, Defendant's counsel provided FedEx a shipping label, and Defendant's counsel confirmed the next morning that the check was in the mail (DE 99 at 3).

The check did not arrive by the time of the deposition the next afternoon (DE 101 at 4). Accordingly, Coker refused to sit for the deposition (*Id.*). Plaintiff's counsel sent a notice cancelling the deposition at 12:33 p.m., less than a half-hour before the scheduled start time, which was about 10 minutes after Defendant's counsel sent over a courtesy copy of the exhibits he intended to use (DE 99 at 4). The cancellation notice provided that "payment has not arrived at [Coker's] office and . . . he has not been prepped for the deposition" (*Id.*).

Despite cancellation of the September 13 deposition, all parties agreed at the October 10 hearing that the deposition subsequently took place on October 3, 2023. Likewise, all parties agreed that Plaintiff stands ready and willing to pay any videographer and court reporter cancellation fees associated with the September 13 cancelled deposition.

## II.    DISCUSSION

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "This rule gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders[.]" *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993); *see also Harris v. Chapman*, 97 F.3d 499, 506 (11th Cir. 1996) (holding that sanction decision is "heavily dependent on the court's firsthand knowledge, experience, and observation"). By way of this Motion, Defendant seeks discovery sanctions arising from the cancelled September 13 deposition, including but not limited to the striking of Coker's expert report, the exclusion of Coker's

2

testimony at trial, the payment of court reporter and videographer fees for both the cancelled deposition and the rescheduled deposition, and the refund of Coker's payment of $2,850 (DE 99 at 6).

The Court has reviewed the record here and finds no sanctions to be appropriate. Despite the abrupt cancellation of Mr. Coker's deposition, all parties agreed the deposition subsequently took place on October 3, 2023. Likewise, Plaintiff stands ready and willing to pay any cancellation fees charges by the videographer and court reporter.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1) Defendant's Motion (DE 99) is **DENIED**.

2) If Plaintiff fails to pay the cancellation fees charged by the videographer and court reporter within 5 days of this Order, however, Defendant may renew this Motion, at which time the Court will consider this and additional sanctions.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 11th day of October 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE